IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

        Plaintiff,                    No. 2:12-cv-1770 LKK KJN PS

   vs.

PAUL LANDRUM, et al.

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding without counsel in this action and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

---

[1] This proceeding was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Here, plaintiff alleges that defendant Paul Landrum ("defendant"), "the Solano County Court mediator assigned to plaintiff's family law case," improperly recommended to a Solano County judge that plaintiff should have no legal or physical custody of his minor son due to plaintiff's mental illness. (Compl. at 1, 25.) According to plaintiff, defendant made this recommendation despite having no supportive evidence that "plaintiff abused his son and was mentally ill." (Id. at 1, 22.) Plaintiff further claims that a licensed psychiatrist's note was previously provided to the court stating that plaintiff did not need medication or supervised

visitation with his son. (Id. at 22.) The state court judge adopted the mediator's recommendations. (Id. at 33.) Plaintiff now brings this action against defendant under 42 U.S.C. § 1983, contending that defendant's mediation report was discriminatory and violated plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment and the presumption of innocence until proven guilty, as well as the Americans with Disabilities Act of 1990 ("ADA") (in particular, 42 U.S.C. § 12132). (Id. at p. 33.) Plaintiff also requests that defendant be criminally prosecuted under 18 U.S.C. § 242. (Id.)

In this case, the court need not reach the substance of plaintiff's claims because it is readily apparent that defendant is immune from liability. It is well established that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.") Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction . . . or performs an act that is not judicial in nature.")

"Judicial immunity is not limited to judges. All those who perform judge-like functions are immune from civil damages liability." Ryan v. Bilby, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985); see also Wagshal v. Foster, 28 F.3d 1249, 1252-54 (D.C. Cir. 1994) (holding that

mediator for court's alternative dispute resolution program enjoyed absolute quasi-judicial immunity to damages claims for actions taken within the scope of official duties); Putman v. State Bar of California, No. SACV 08-625-DSF(CW), 2010 WL 3070435, at *7 (C.D. Cal. June 25, 2010) (unpublished) (noting that absolute quasi-judicial immunity is "properly extended to neutral third-parties for their conduct in performing dispute resolution services which are connected to the judicial process and involve either (1) the making of binding decisions, (2) the making of findings or recommendations to the court or (3) the arbitration, mediation, conciliation, evaluation or other similar resolution of pending disputes").

The Ninth Circuit Court of Appeals has held that individuals who perform judge-like functions, including those who mediate custody disputes and provide reports to family law courts pursuant to state statute, are entitled to immunity when the events at issue arise from the performance of their duties. See Meyers v. Contra Costa Cnty. Dep't of Soc. Servs., 812 F.2d 1154, 1158–59 (9th Cir. 1987) (finding court-appointed counselors immune from suit because "[t]he allegations that [court appointed counselors] refused to allow [plaintiff] visitation rights . . . are not materially different from the allegation that a judge and prosecutor conspired to deprive a prisoner of effective counsel and access to legal materials."). District courts within the Ninth Circuit are in accord. E.g., Bechdoldt v. Loveland, Civ. No. 10–1041–AA, 2011 WL 6020666, at *3-4 (D.Or. Nov. 30, 2011) (unpublished) (quoting Meyers) (granting defendant's motion for summary judgment in regard to § 1983 claim against court-appointed mediator who recommended that plaintiff should not be the custodial parent).[2] Courts have generally extended immunity to mediators by evaluating the three factors identified by the United States Supreme Court as relevant to the consideration of whether absolute quasi-judicial immunity applies: "(1)

---

[2] Although not in a published decision or an unpublished decision issued on or after January 1, 2007, and therefore not referred to here for precedential value, see Ninth Cir. Rule 36-3, the Ninth Circuit Court of Appeals has held that a private mediator appointed by a state court judge in the course of child custody proceedings was entitled to absolute quasi-judicial immunity while performing official duties. Secress v. Ullman, 147 Fed. App'x 636, 638 (9th Cir. 2005) (unpublished) (citing Butz, 438 U.S. at 512).

whether the functions of the official in question are comparable to those of a judge; (2) whether the nature of the controversy is intense enough that future harassment or intimidation by litigants is a realistic prospect; and (3) whether the system contains safeguards which are adequate to justify dispensing with private damage suits to control unconstitutional conduct." Wagshal, 28 F.3d at 1252 (citing Simons v. Bellinger, 643 F.2d 774, 778 (D.C. Cir. 1980), and Butz v. Economou, 438 U.S. 478, 511-12 (1978)).  Consideration of each of these factors also supports the application of absolute quasi-judicial immunity in this case.

        Here, as to the first factor, plaintiff has alleged that defendant Landrum was the "assigned" court mediator.  (Compl. at 25.)  Thus, defendant was allegedly acting pursuant to court order, and his recommendations were integrally connected with the judicial process and within the scope of his duties.[3]  As such, in making his findings and issuing recommendations in a neutral capacity, defendant was performing functions comparable to those of a judge.  See Meyers, 812 F.2d at 1158-59.  In regards to the second factor, the emotional nature of a child custody dispute is certainly likely to inspire a parent-litigant who is dissatisfied with a mediator's recommendation to harass the mediator in a second forum.  See Butz, 438 U.S. at 512 ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.").  With respect to the third factor, plaintiff was free to seek relief from defendant's alleged unconstitutional conduct with the presiding state court judge or on appeal.  The state judicial process thus contained adequate safeguards to provide plaintiff with any relief warranted.

////

---

[3] Plaintiff contends that defendant acted in clear absence of jurisdiction when he made determinations regarding plaintiff's mental health in the context of the custody dispute, but this contention lacks merit.  Although defendant is not a psychiatrist or psychologist, he was charged with a "duty to assess the needs and interests of the child involved in the controversy," see Cal. Fam. Code § 3180 and was certainly entitled to consider evidence regarding plaintiff's mental health when making recommendations pursuant to the state court judge's order.  Even assuming that defendant somehow erred in his assessment, a subject on which this court expresses no opinion, he was not acting outside the scope of his duties so as to deprive him of immunity.

Therefore, based on an evaluation of the prerequisite factors outlined by the United States Supreme Court for application of absolute quasi-judicial immunity and the above-cited case law extending such immunity to mediators, the court finds that defendant is absolutely immune from liability for the civil damages claims asserted by plaintiff.[4]   See Meyers, 812 F.2d at 1158-59.  Additionally, with respect to plaintiff's request that criminal proceedings be instituted against defendant, plaintiff has no standing to prosecute a criminal action.

Finally, plaintiff's complaint names Crystal Archer, his son's mother, as a real party in interest.  To the extent plaintiff attempts to assert a claim under 42 U.S.C. § 1983 against Archer, that claim should also be dismissed, because plaintiff cannot plausibly allege that Archer is a state actor.  Ball v. Rodgers, 492 F.3d 1094, 1103 (9th Cir. 2007); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a *person acting under the color of State law*.") (emphasis added).  Furthermore, an ADA claim under 42 U.S.C. § 12132, which relates to public entity disability discrimination, is not viable against Ms. Archer.

Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Moreover, the undersigned takes judicial notice of the numerous already-dismissed actions plaintiff previously filed in this court against judges and social workers

---

[4] Plaintiff's complaint does not request any prospective injunctive relief against defendant.  However, even assuming that injunctive relief were requested and could theoretically be appropriately granted, it does not appear feasible here because defendant as a mediator would lack the power to unilaterally alter the status quo concerning plaintiff's custody and visitation rights.

involved with his child custody cases and/or family law matters.[5] See e.g. 2:11-cv-2346-LKK-DAD (involving state court judge); 2:11-cv-2598-GEB-JFM (involving state court judge); 2:12-cv-470-JAM-GGH (involving social worker); 2:12-cv-1379-MCE-GGH (involving state court judge). Several other cases remain pending for resolution. Based on the orders and/or findings and recommendations issued in these cases, it appears that plaintiff is well aware of the legal principles of immunity, but is nonetheless attempting to use the federal courts for the nefarious purpose of harassing the state court decision makers and others involved in his child custody cases and/or family law matters. Accordingly, the undersigned finds that the instant action is not only frivolous but also brought in bad faith, and that plaintiff's request to proceed in forma pauperis should therefore be denied.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request proceed in forma pauperis (Dkt. No. 2) be DENIED based on a finding that the action is frivolous and brought in bad faith;

2. The action be DISMISSED WITH PREJUDICE; and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

////
////
////
////

---

[5] The court may take judicial notice of court filings. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED:  October 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE